# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Mori Lee, LLC | ) |
| | ) |
| v. | ) Case No. 1:19-cv-7555 |
| | ) |
| THE PARTNERSHIPS and | ) Judge: Matthew F. Kennelly |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A," | ) Magistrate: Young B. Kim |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Mori Lee, LLC ("Mori Lee") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

## I. Introduction

Plaintiff Mori Lee, LLC ("Mori Lee") brings this action against Defendant Does, as identified on Schedule A of the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), unfair competition and false designation of origin (Count II), copyright infringement (Count III) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV). As alleged in the Complaint, the Defendants are promoting, advertising, marketing, distributing, offering for sale and selling counterfeit products, bearing counterfeit versions of Mori Lee's Mori Lee Marks, through various websites designed to mislead consumers that the products sold are genuine Mori Lee products, including using actual photos from Mori Lee websites and catalogs in violation of Mori Lee copyrights.

The Defendants create web stores and product listings for Mori Lee goods, all the while actually selling low-quality, unlicensed counterfeits to unknowing consumers. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope of their criminal counterfeiting operation. Mori Lee is forced to file these actions to combat Defendants' illegal counterfeiting of the Mori Lee goods and the registered Mori Lee Marks, as well as to protect unknowing consumers from purchasing low-quality counterfeits over the Internet.

Defendants directly target unlawful business activities toward consumers in Illinois and cause harm to Mori Lee's business within the Northern District of Illinois and have caused and will continue to cause irreparable injury to Mori Lee. Defendants deceive the public by trading upon Mori Lee's reputation and goodwill by using websites to sell and/or offer for sale unlicensed and counterfeit products featuring Mori Lee's trademark. Defendants should not be permitted to continue their unlawful activities, and Mori Lee respectfully requests that this Court issue *ex parte*: (1) a temporary restraining order against Defendants enjoining the manufacture, importation, distribution, offer for sale and sale of counterfeit Mori Lee products; (2) an order temporarily disabling the Infringing Websites pending the issuance of a final judgment in this matter; (3) an order temporarily restricting transfer of Defendants' assets to preserve Mori Lee's rights to an equitable accounting; (4) an order for expedited discovery allowing Mori Lee to inspect and copy Defendants' records relating to the manufacture, distribution, offer for sale and sale of counterfeit Mori Lee products and Defendants' financial accounts; and (5) an order allowing service by electronic mail and electronic publication.

## II. Statement of Facts

On November 26, 2019, this court granted Plaintiff's Motion for Entry of a Temporary Restraining Order, including (1) A Temporary Injunction; (2) An Order to Temporarily Transfer the Infringing Websites; (3) A Temporary Asset Restraint; (4) Expedited Discovery; and (5) Service of Process by Email and Electronic Publication (the "TRO"). The TRO authorized Plaintiff to provide notice of these proceedings to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website to which the Infringing Websites under Plaintiff's control redirect, or by sending an e- mail to the e-mail addresses identified in Exhibit 1 to the Declaration of David Gulbransen and any e-mail addresses provided for Defendants by third parties that includes a link to said website. TRO at p. 9, ¶ 15. Since and pursuant to entry of the TRO, Plaintiff has been working with third party payment providers to freeze the financial accounts associated with the Infringing Websites. See Declaration of David Gulbransen (hereinafter, "Gulbransen Declaration") at ¶ 2. Plaintiff has also been working with third party service providers to transfer and disable the Infringing Websites. *Id*.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this action. As part of the Proposed Preliminary Injunction Order, Plaintiff requests that the Infringing Websites remain in Plaintiff's control and that Defendants' financial accounts remain frozen until these proceedings have concluded.

### III. Argument

**A. Preliminary Injunction Extending Relief Already Granted in the TRO is Appropriate**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further illegal conduct by Defendants. Courts addressing similar allegations of

Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. See, e.g., *True Religion Apparel, Inc., et al. v. Does 1-100*, No. 1:12-cv-9894 (N.D. Ill. Jan. 15, 2013) (unpublished) (Docket No. 32); *Oakley, Inc. v. Does 1-100*, No. 1:12-cv-9864 (N.D. Ill. Dec. 27, 2012) (unpublished) (Docket No. 23); *Coach, Inc., et al. v. Lin Feng, et al.*, No. 1:12-cv-08963 (N.D. Ill. Nov. 29, 2012) (unpublished) (Docket No. 36).

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. See, e.g. *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id*. The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id*. (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id*. The sliding scale approach is not mathematical in nature, rather "it is more properly characterized as subjective

and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Id*. at 895-896. The greater the movant's likelihood of succeeding on the merits, the less the balancing of harms need be in his favor. See *Eli Lilly & Co. v. Natural Answers, Inc*., 233 F.3d 456, 461 (7th Cir. 2000).

As established by the uncontroverted evidence in the Declarations of Stephen Lang and Suren Ter Saakov, and by virtue of this Court's entry of the TRO, the above requirements for entry of a preliminary injunction have been satisfied. The record establishes that through their illegal operations, Defendants have infringed upon Plaintiff's federally registered trademarks and federally registered copyrights approximately 12,893 times. *Id*. at ¶ 8. Thus, plaintiff is entitled to preliminary injunctive relief.

## B. The Equitable Relief Sought Remains Appropriate

In addition to this Court's inherent authority to issue injunctive relief pursuant to Fed. R. Civ. P. 65, the Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

### i. The Infringing Website Transfer Order Remains Appropriate

Plaintiff seeks a conversion of the TRO issued by this Court on July 31, 2018, allowing Plaintiff to retain control of the Infringing Websites until these proceedings conclude. To prevent the Defendants from selling and offering for sale Counterfeit Products through their operation of the Infringing Websites and to provide notice to Defendants regarding these proceedings, Plaintiff respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

### ii. The Asset Restraining Order Remains Appropriate

Plaintiff also seeks to convert the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, Plaintiff has served the TRO upon third party payment providers that have assisted with identifying and freezing a number of financial accounts linked to the Infringing Websites that are offering for sale and/or selling Counterfeit Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, a preliminary injunction order that requires Defendants' assets to remain frozen for the remainder of the proceedings will preserve the status quo.

Furthermore, as explained in Plaintiff's Memorandum of Law in Support of TRO, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See*, e.g., *Monster Energy Co. v. The Partnerships, et al.*, No. 1:15-cv-09142, at p.5 (N.D. Ill. Oct. 22, 2015) (*unpublished*) (granting plaintiff's request for a prejudgment asset freeze in an action arising under the Lanham Act and stating "[t]o the extent that the restraint might be too broad, the defendants may file challenges to the scope of the TRO by submitting evidence that some or all of the money has other sources."); *see also The Counterfeit Website Cases, supra; Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) ("A request for equitable relief [under the Lanham Act] invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief."); *Playboy Enter., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) (stating that because "it is essential that the trial courts carefully fashion remedies which will take all the economic incentive out of trademark infringement, . . .

courts must implement fully the requirement of § 1117(a)(1) [allowing plaintiff] to recover (1) defendant's profits . . .").

Thus, an order continuing to freeze the Defendants' assets pending the conclusion of this action should be granted.

## IV. Conclusion

In view of the foregoing and consistent with established precedent from previous similar cases, Plaintiff respectfully requests that this Court enter a Preliminary Injunction consistent with the terms of the TRO.

Respectfully submitted,

By:    s/David Gulbransen/
       David Gulbransen
       Attorney of Record
       Counsel for Plaintiff

       David Gulbransen (#6296646)
       Law Office of David Gulbransen
       805 Lake Street, Suite 172
       Oak Park, IL 60302
       (312) 361-0825 p.
       (312) 873-4377 f.
       david@gulbransenlaw.com