IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mori Lee, LLC | ) |
| | ) |
| v. | ) Case No. 1:19-cv-7555 |
| | ) |
| THE PARTNERSHIPS and | ) Judge: Charles R. Norgle |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A," | ) Magistrate: Young B. Kim |
| | ) |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff, Mori Lee, LLC ("Mori Lee"), having filed its complaint for Federal Trademark Counterfeiting and Infringement, Unfair Competition and False Designation of Origin, Copyright Infringement and claims under the Illinois Uniform Deceptive Trade Practices Act, and having moved for a Preliminary Injunction against the Defendants, and the Court having considered the complaint, declarations, exhibits, and memorandum of law filed in support, finds as follows:

This Court hereby finds that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including the State of Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial Internet stores through which Illinois residents can purchase products bearing counterfeit versions of the MORI LEE (U.S. Reg. No. 1869685), MORI LEE BY MADELINE GARDNER (U.S. Reg. No. 3824031), MADELINE GARDNER NEW YORK (U.S. Reg. No. 3827188), DAMAS DE VIZCAYA (U.S. Reg. No. 5217713), VALENCIA MORI LEE BY MADELINE GARDNER (U.S. Reg. No. 5210101),

RONALD JOYCE (U.S. Reg. No. 5663438), JULIETTA (U.S. Reg. No. 3942663), STICKS AND STONES (U.S. Reg. No. 3770814), VOYÁGE (U.S. Reg. No. 3888607), VIZCAYA (U.S. Reg. No. 3770810), ANGELINA FACCENDA (U.S. Reg. No. 3844447), and BLU (U.S. Reg. No. 3824025) ("the Mori Lee Trademarks"). These registrations are valid, unrevoked, uncancelled and incontestable.

This Court further finds that Plaintiff is the exclusive owner of all right, title, and interest in and to United States Copyright Registration Nos. VA 2-176-736, VA 2-164-432, VA 2-160-362, and VA 2-176-876 ("Mori Lee Copyrights"), which protect the original photographs Plaintiff users to advertise genuine Mori Lee products. These registrations are valid, unrevoked, uncancelled and incontestable. Defendants display images protected by copyright on the infringing websites without Plaintiff's permission or consent.

This Court further finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO)" should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Proceedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the Mori Lee Marks are distinctive and registered with the U.S. Patent and Trademark Office on the Principal Register; (2) Defendants are not licensed or authorized to use the Mori Lee Marks; and, (3) Defendant's use of the Mori Lee Marks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Plaintiff has also proved a *prima facie* case of copyright infringement because Defendants display stolen

images protected by copyright on the infringing websites to advertise the sale of counterfeit goods. Furthermore, Defendants' continued and unauthorized use of Plaintiff's trademark and copyrights irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage, and therefore Plaintiff has inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion caused by Defendants' actions.

**It is therefore Ordered:**

I. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

> a. using the MORI LEE (U.S. Reg. No. 1869685), MORI LEE BY MADELINE GARDNER (U.S. Reg. No. 3824031), MADELINE GARDNER NEW YORK (U.S. Reg. No. 3827188), DAMAS DE VIZCAYA (U.S. Reg. No. 5217713), VALENCIA MORI LEE BY MADELINE GARDNER (U.S. Reg. No. 5210101), RONALD JOYCE (U.S. Reg. No. 5663438), JULIETTA (U.S. Reg. No. 3942663), STICKS AND STONES (U.S. Reg. No. 3770814), VOYÁGE (U.S. Reg. No. 3888607), VIZCAYA (U.S. Reg. No. 3770810), ANGELINA FACCENDA (U.S. Reg. No. 3844447), and BLU (U.S. Reg. No. 3824025) ("the Mori Lee Trademarks") or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Mori Lee product or not authorized by Plaintiff to be sold in connection with the Mori Lee Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Mori Lee product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Mori Lee and approved by Plaintiff for sale under the Mori Lee Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of Mori Lee, or are sponsored by, approved by, or otherwise connected with Mori Lee;

d. further infringing the Mori Lee Trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Mori Lee Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the infringing websites, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

h. operating and/or hosting infringing websites and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Mori Lee Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Mori Lee product or not authorized by Mori Lee to be sold in connection with the Mori Lee Trademarks;

i. registering any additional domain names that use or incorporate any of the Mori Lee Trademarks; and

j. using images covered by the Mori Lee's Copyrights or any of Mori Lee's original photographs that Mori Lee uses to advertise the sale of original Mori Lee products.

II. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

a. Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' infringing websites, and/or Defendants' assets and operation; and

b. Removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' infringing websites, assets, operations, or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products, or any reproduction, copy or colorable imitation of the Mori Lee Trademarks.

III. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) their financial accounts, including but not limited to all PayPal, Payoneer, or other accounts; and (d) the steps taken by each Defendant to comply with paragraphs 1(a)–(i) and 2(a)–(b), above.

IV. Upon Plaintiff's request, the privacy protection service (such as Domains By Proxy) for any infringing website for which the owner of such infringing website uses such privacy

protection service to conceal the owner's identity and contact information are ordered to disclose to Plaintiff the true identities and contact information of those Infringing Website owners.

V. The top-level domain (TLD) Registries (or their administrators) including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, for the Infringing Websites identified on Schedule "A" hereto, within three (3) business days of receipt of this Order, shall, remove any registry locks and change, until further ordered by this Court, the registrar of record for the infringing websites, excepting any such domain names which such registries have been notified in writing by Plaintiff have been or will be dismissed from this action, to a holding account with the registrar of Plaintiff's designated agent, GoDaddy, Account ID 116660000 (the "New Registrar"). To the extent the top-level domain (TLD) registries do not assist in changing the registrars of record for the Infringing Websites under their respective control, The Internet Corporation for Assigned Names and Numbers ("ICANN") shall ensure such a change within three (3) business days of receipt of this Order.

VI. Additionally, the New Registrar, within one (1) business day of receipt of this Order shall update the Domain Name System ("DNS") data it maintains for the infringing websites, which link the domain names to the IP addresses where their associated websites are hosted, to ns1.counterfeittechnology.com and ns2.counterfeittechnology.com or other to Counterfeit Technology choosing (the "New NS records"). Upon the change of the registrar of record for the infringing websites, Counterfeit Technology will maintain access to the Infringing Websites in trust for the Court during the pendency of this action. The New NS records will cause the domain names to resolve to the website managed by Counterfeit Technology where copies of the Amended Complaint, Temporary Restraining Order, Preliminary Injunction Order and all other

documents on file in this action are displayed. After the New Registrar has effected this change, the infringing websites shall be placed on Lock status, preventing the modification or deletion of the domains by the New Registrar or Defendants.

VII. Plaintiff may enter the infringing websites into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by defendants that redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order.

VIII. Plaintiff may also update the content of the website to publish notice of this suit, point visitors to legitimate Plaintiff owned sites, and install tracking codes to gather statistics on visitors as necessary.

IX. The infringing websites shall immediately be de-indexed and/or removed from any search results pages of all Internet search engines including, but not limited to, Google, Bing, and Yahoo, and all social media websites including, but not limited to, Facebook, Google+, and Twitter until otherwise instructed by this Court or Plaintiff that any such domain name is authorized to be reinstated, at which time it shall be reinstated to its former status within each search engine index from which it was removed.

X. Plaintiffs may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following parties: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc. Payoneer, Western Union, or other merchant account providers, payment provider, third party processors, credit card associations (i.e. MasterCard and VISA) that receive payments or hold assets on Defendants'

behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants (collectively, "Third Party Providers") shall, within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

    a. The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' infringing websites and financial accounts;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the infringing websites and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to the infringing websites;

    c. Defendants' infringing websites and any domain name registered by Defendants; and

    d. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., Payoneer, Western Union, or other merchant

account providers, payment providers, third party processors, and credit card associations (i.e., MasterCard and VISA).

XI. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

XII. Western Union and its affiliates shall, within two (2) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule "A" until further ordered by this Court.

XIII. PayPal, Inc. ("PayPal") and Payoneer shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' infringing websites:

a. locate all accounts and funds connected to Defendants and the infringing websites, including, but not limited to, any accounts connected to the information listed in Schedule "A" hereto, the e-mail addresses identified in Exhibit 1 to the Declaration of David Gulbransen, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds that are China or Hong Kong based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

XIV. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' infringing websites, shall within two (2) business days of receipt of this Order:

a. locate all accounts and funds connected to Defendants and the infringing websites, including, but not limited to, any accounts connected to the information listed in

Schedule A hereto, the e-mail addresses identified in Exhibit 1 to the Declaration of David Gulbransen, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds that are based in foreign jurisdictions, including but not limited to China and Hong Kong, from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

XV. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the infringing websites that are transferred to Plaintiff's control will redirect, or by sending an e-mail to the e-mail addresses identified in Exhibit 1 to the Declaration of David Gulbransen and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

XVI. This Order shall apply to the infringing websites and any other domain names properly brought to this Court's attention and verified by sworn affidavit that verifies such new domain names are being used by Defendants for the purpose of counterfeiting the Mori Lee Trademarks or republishing images protected by the Mori Lee's Copyrights at issue in this action and/or unfairly competing with Plaintiff in connection with search engine results pages.

XVII. Plaintiffs' Complaint, Schedule "A" to the Complaint, Exhibit 1 to the Declaration of David Gulbransen, and this Order shall remain sealed until Defendants' financial accounts are restrained. Plaintiffs shall file unsealed versions of the Complaint, Schedule "A" to the Complaint, Exhibit 1 to the Declaration of David Gulbransen, and this Order using the CM/ECF system prior to the expiration of this Order.

XVIII. Upon two (2) days' written notice Plaintiff or on shorter notice as set by this Court, any Defendant may, upon proper showing, appear and move to dissolve or modify this Order upon an appropriate evidentiary showing by Defendant.

17. All documents, including Complaint, Schedule "A" to the Complaint, Exhibit 1 to the Declaration of David Gulbransen, and the Temporary Restraining Order are unsealed.

18. Upon two (2) days' written notice Plaintiff or on shorter notice as set by this Court, any Defendant may, upon proper showing, appear and move to dissolve or modify this Order upon an appropriate evidentiary showing by Defendant.

Dated: 1/2/20     ENTERED:

_____
U.S. District Court Judge Charles R. Norgle