IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mori Lee, LLC ) | |
| ) | |
| v. ) | Case No. 1:19-cv-7555 |
| ) | |
| THE PARTNERSHIPS and ) | Judge: Matthew F. Kennelly |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A," ) | Magistrate: Young B. Kim |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT WEDDIRECT.CO
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Mori Lee, LLC ("Mori Lee" or "Plaintiff") submit this response to the Defendant Weddirect.co's Motion to Dismiss for Lack of Personal Jurisdiction filed on February 6, 2020 [Docket #42].

**A. Factual Background**

Defendant weddirect.co owns and operates a website hosted at www.weddirect.co, which offers for sale wedding dresses at a discount. The Plaintiff has repeatedly issued copyright takedown notices, which the Defendant has ignored, resulting in the instant suit by the Plaintiff to protect its rights.

The Plaintiff has alleged, in its unanswered complaint, that the Defendants have offered counterfeit versions of the Plaintiff's wedding dresses for sale, via the web, using the Plaintiff's own intellectual property. Exhibit A attached here shows multiple images used on the Defendant's site which are the registered intellectual property of the Plaintiff, Mori Lee.

It its motion, Defendant weddirect.co claims "Weddirect does not offer the ability to purchase goods or services." "The Weddirect.co site has no capability for interaction with the

site visitor." And that, "No orders/information are taken and no contracts nor direct sales are entered into over the website." See, Defendant Motion to Dismiss, p2. [Docket #42]

Plaintiff, however, offers several screenshots to rebut these claims. The weddirect.co main page shows options for Wedding Dresses and Bridesmaids, and claims "Hand Selected Product from China's Top Manufacturers". Exhibit B. Similarly, in multiple locations on the website, they offer shipping to the United States (including free shipping). Exhibit C. And finally, the site allows the entry of a shipping address to the United States and within the District. Exhibit D.

### B. Standard for Personal Jurisdiction

Plaintiffs have the burden of establishing personal jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 7th Cir. 2010). As the plaintiff has alleged facts establishing the cause of action, and establishing jurisdiction in its complaint, all of the Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor *Purdue Research Found. v. Sanofi-Synthelabo*, S.A., 338 F.3d 773, 782 (7th Cir. 2003). The Court may consider the complaint's factual allegations and draw reasonable inferences from those allegations in Plaintiff's favor. *Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1001 (7th Cir. 2004). Further, if the parties submit supporting affidavits, any conflicts in the affidavits are resolved in Plaintiff's favor. See *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); see also *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997).

Under the Illinois long-arm statute, personal jurisdiction is proper if it would be permissible under either the Illinois Constitution or the United States Constitution. 735 ILL. COMP. STAT. 5/2-209(c); *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Seventh Circuit has held that there are

no substantive differences between federal and Illinois state limits on personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715-16 (7th Cir. 2002). Thus, the Court need consider only federal constitutional limits on personal jurisdiction. *Id*.

Under the Constitution's Due Process Clause, personal jurisdiction may extend to a defendant that has minimum contacts with the forum state such that exercising jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *Id*. at 716; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In *Illinios v. Hemi Grp., LLC*, the Seventh Circuit found that it had personal jurisdiction over defendants because they operated a nationwide business model, where they intentionally created and operated several commercial, interactive websites to offer products for sale and allow online orders from Illinois residents. 622 F.3d 754, 757-58 (7th Cir. 2009). The Seventh Circuit found jurisdiction proper where a company "h[olds] itself out as open to do business with every state" and is "ready and willing to do business with [that state's] residents". *Id*.

Following the Seventh Circuit decision in *Hemi Group*, courts in the Northern District of Illinois regularly exercise personal jurisdiction over foreign based Internet Stores based on a single offer for sale to Illinois residents. *See, Monster Energy Company v. Chen Wensheng, et al.*, 136 F. Supp. 3d at 909 ("defendants' offers to sell counterfeit Monster Energy Products on their Internet stores constitute tortious activity committed in Illinois sufficient to establish personal jurisdiction"); *Conair Corp., et al. v. Chen Xin, et al.,* No. 16-cv-9693 (N.D. Ill. Mar. 22, 2017) (Docket Entry no. 69); *Christian Dior Couture, S.A. v. Lei Liu et al.*, 2015 U.S. Dist LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015).

### C. Jurisdictional Analysis

As was the case in *Hemi Group*, the Defendant "stood ready and willing to do business with Illinois residents" by creating and operating a fully-interactive commercial website, offering and through which unauthorized, infringing products were advertised and could be purchased. *Hemi Grp.*, 622 F.3d at 758; *Monster Energy Co.*, 136 F. Supp. At 904.

Utilizing its own domain, as well as underlying sites from Alibaba, the Defendant affirmatively selected and targeted consumers in the United States, and "in fact knowingly did do business with Illinois residents" by offering to sell unauthorized products to consumers in Illinois and this Judicial District. *Hemi Grp.* 622 F.3d at 758. Reaching out and expressly electing to do business with residents of the United States, including Illinois, establishes personal jurisdiction. *Id.; uBid, Inc. v. GoDaddy Group, Inc.* 623 F.3d 421, 428 (7th Cir. 2010).

Defendant is also subject to jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2) . Rule 4(k)(2) provides for personal jurisdiction through nationwide service of process over any defendant provided that: (1) the Plaintiff's claims are based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction is consistent with the laws of the United States; (4) the exercise of jurisdiction is consistent with the Constitution. *Cent. States, Southeast and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir 2000). Because the Defendant intentionally and knowingly offered for sale, sold, and shipped products to United States residents, personal jurisdiction is also proper under Rule 4(k)(2). *See Plixer Int'l v. Scrutinizer GmbH*, 905 F.3d 1, 5 (1st Cir. 2018).

Finally, the notion of fair play means that a foreign, off-shore websites which have elected to avail themselves of United State's markets, offering for sale and selling to consumers in the United States, including Illinois, cannot hide behind their absence in the U.S. to avoid being held accountable for infringing and illegal activities and the profits they obtain through those

4

activities. Such Defendants must come to the United States and stand accountable for their conduct. *Christian Dior Couture,* 2015 U.S. Dist. LEXIS 158225, at *13 (N. D. Ill. Nov. 17, 2015). Defendant "certainly should not be surprised by the jurisdictional consequences of [its] actions" given that it owned and operated a website targeting U.S. *Id.*

## Conclusion

Through their intentional acts, owning and operating a commercial website and availing themselves of the privilege of doing business in the United States, State of Illinois, and this District, and have, through their own conduct established the requisite minimum contacts with this jurisdiction sufficient to satisfy this Court's exercise of personal jurisdiction. Accordingly, the Plaintiff Mori Lee respectfully requests this Court find jurisdiction over the Defendant in this action proper.

Dated this 17th Day of March, 2020.    Respectfully submitted,

By:    s/David Gulbransen/
David Gulbransen
Attorney of Record
Counsel for Plaintiff

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on the March 17, 2020, PLAINTIFF'S RESPONSE TO DEFENDANTWEDDIRECT.CO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION was filed with the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By:    s/David Gulbransen
David Gulbransen
Attorney of Record
Counsel for Plaintiff

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com