**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____
                                                  )
Mori Lee, LLC (Plaintiff)           )
                                                  )     Case No. 1:19-cv-7555
v.                                              )      Judge: Matthew F. Kennelly
                                                  )
Weddirect.co (Defendant)        )
_____)


**DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

**Introduction**

Your Honor, I would like to open with an overview of how the weddirect.co website functioned, I feel it's important to do so in the context of personal jurisdiction to help add clarity. For this, I present the attached Exhibit A, which is verbatim from the email that I sent to the Plaintiff on the 4th of January 2020 providing an overview of the site and how it functioned.

Then, whilst I do not want to be disrespectful to the Plaintiff's legal counsel as I cannot pretend to try and match wits with a trained legal professional, I shall attempt to make a response to the points presented by the Plaintiff in Doc #50, and, as it relates to the matter of Personal Jurisdiction I will be liberal in my explanations.

**A. Response to section A "Factual Background"**

*"Defendant weddirect.co owns and operates a website hosted at www.weddirect.co"* - this is correct.

*"which offers for sale wedding dresses at a discount"* - a mischaracterisation - the site listed wedding needs and suppliers and does not offer products, has no products and has no functionality to facilitate a "sale" nor the ability to take shipping details or personal information, nor interaction.

*" The Plaintiff has repeatedly issued copyright takedown notices, which the Defendant has ignored, resulting in the instant suit by the Plaintiff to protect its rights."* - Do not agree. From memory, in 2017, I did receive contact from Google regarding a DCMA request to remove certain listings belonging to weddirect.co from its search engine. I complied with that request, trusting Google as an authority, and via the mechanism that Google provided I sent a message to the plaintiff. The message was never responded to and I considered the matter

closed. Note, 2017 was the last that I had had any communication on the topic until becoming aware of this case. I am unsure in what context the plaintiff is using the word "instant" here as there has been no communication in that time period.

***"The Plaintiff has alleged, in its unanswered complaint, that the Defendants have offered counterfeit versions of the Plaintiff's wedding dresses for sale, via the web, using the Plaintiff's own intellectual property. "*** - The plaintiff is aware that the site, weddirect.co, operates on an affiliate advertising model, as popularised by Amazon, Ebay and the like. In this case, the site weddirect displays products and suppliers from Alibaba and Aliexpress through the affiliate program they provide. The content, including descriptions, images, and product related information is provided by the Aliexpress API.

As a web developer, with no connection to the product or hands on relationship with the products, I have no way of ascertaining authenticity, or knowledge on determining what is authentic and what is not, this in fact would be a role for Alibaba/Aliexpress and the Plaintiff.

As the Plaintiff is aware, and as common sense would have it, if the Plaintiff has any concerns with the products of Alibaba/Aliexpress and the content that they provide, then they would need to address that with Alibaba/Aliexpress.

***"Exhibit A attached here shows multiple images used on the Defendant's site which are the registered intellectual property of the Plaintiff, Mori Lee."*** - As the plaintiff is aware, the images and content are provided by Alibaba/Aliexpress via their API in conjunction with their affiliate program. As the plaintiff is also aware, the images are also hosted by Alibaba/Aliexpress, the images are not hosted on Weddirect.co.

In exhibit A the plaintiff presents 9 URLS and images. Of the 9 URLS, 5 are not available and likely to have been removed in 2017 at the time of the DMCA request. I am unclear as to why the other URLS remain active but note at that time I was facing extreme personal challenges with a business failure and pending divorce, the site was ill maintained. I do not know if the 4 remaining URLS were part of the original DMCA request. That information may be obtainable via the Google Search Console which can only be accessed by the domain owner, which is now the Plaintiff/Court (?) and I cannot access that information which is lost now noting the domain name weddirect.co has been allowed to expire. Regardless, and I again note, whilst I responded to the DMCA, the Plaintiff did not respond back, and quite reasonably, I considered the matter closed.

As for those remaining 4 URLS, the images were not hosted or provided or obtained by myself, they are provided via the Aliexpress affiliate program API and hosted by Alibaba, I will step through each of the nine URLS in question from Plaintiff's Exhibit A

1. URL http://weddirect.co/products/sweetheart-beaded-organza-chapel-mermaid-wedding-dress/ - 404 page not found, URL possibly removed in 2017
2. URL: http://weddirect.co/products/elegant-applique-chiffon-wedding-dresses-2/ - 404 page not found, URL possibly removed in 2017
3. URL: http://weddirect.co/products/beading-white-ivory-a-line-sweetheart-bridal-gown/ - image in question is hosted and provided by http://kfdown.a.aliimg.com/kf/HTB1C9xGIFXXXXatXXXXq6xXFXXXZ/201489711/HTB1C9xGIFXXXXatXXXXq6xXFXXXZ.jpg
4. URL: http://weddirect.co/products/chiffon-pinklight-champagne-bridesmaid-dress/ - image in question is hosted and provided by http://g03.a.alicdn.com/kf/HTB1ATRYHXXXXXbIXpXXq6xXFXXXO/200527482/HTB1ATRYHXXXXXbIXpXXq6xXFXXXO.jpg
5. URL: http://weddirect.co/products/sweetheart-ball-gown-bridal-dress/ - image in question is hosted and provided by http://g03.a.alicdn.com/kf/HTB1z_kkKpXXXXcrXpXXq6xXFXXX7/220407707/HTB1z_kkKpXXXXcrXpXXq6xXFXXX7.jpg
6. URL: http://weddirect.co/products/off-the-shoulder-tulle-organza-ruffled-sweetheart-beaded-waist-wedding-dress/ - 404 page not found, page possibly removed in 2017
7. URL: http://weddirect.co/products/plus-size-mermaid-wedding-gown-crystal-bead-embroidery-with-organza/ - 404 page not found, page possibly removed in 2017
8. URL: http://weddirect.co/products/new-arrival-ruched-tulle-mermaid-wedding-dress-lace-up-whiteivory-marry-dresses-bridal-dresses-hot-sale -in-stock/ - image in question is hosted and provided by http://g02.a.alicdn.com/kf/HTB1.1UGJVXXXXXdXFXXq6xXFXXXa/220407707/HTB1.1UGJVXXXXXdXFXXq6xXFXXXa.jpg
9. URL: http://weddirect.co/products/new-long-a-line-wedding-dress-with-bo at-neck/ - 404 page not found, page possibly removed in 2017

"**Similarly, in multiple locations on the website, they offer shipping to the United States (including free shipping). Exhibit C.**" - The plaintiff is aware and I re-iterate, that I have not housed, bought, held, re-sold, or shipped any product and that there is no provision or capability of the site to recieve or store personal information such as shipping or payment.

In Plaintiff's Exhibit C they highlight the service advertisement of third party, they are not services that I can provide or offer to provide. If a person visiting the site was interested in that product/service, they would then need to leave weddirect and visit that website and communicate with that party, as confirmed by the Plaintiff in their Exhibit D. As explained, that content is provided by the Aliexpress API.

Regardless, in exhibit Ex. C-1: the URL of the screenshot - "weddirect.co/products/navy-blue-v-neck-floor-length-backless-prom-dress/" is not a URL that correlates with any URL listed within the Plaintiffs claim.

Ex. C-2 "weddirect.co/products/kaki-long-formal-dresses-party-ball-gowns-bridemaids-plus-sizes-available/"  is not a URL that correlates with any URL listed within the Plaintiffs claim.

Ex. C-3 "weddirect.co/products/knee-length-seetheart-embroidery-prom-dress/"   is not a URL that correlates with any URL listed within the Plaintiffs claim.

Ex. C-4 "weddirect.co/products/floral-print-backless-bodyconn-dress/"  is not a URL that correlates with any URL listed within the Plaintiffs claim nor is it an FAQ of the weddirect.co site, it is that of the particular suppliers.

***"And finally, the site allows the entry of a shipping address to the United States and within the District. Exhibit D."*** - Referring to Exhibit D, whilst the plaintiff claims it is a "Screenshot of order from Defendant Website weddirect.co" when it is in fact a screenshot of Aliexpress.com. It is perhaps confirmation from the plaintiff that weddirect.co does not ship products, hold products, nor take any details from any person or have the facility to do so. As the plaintiff points out, that in fact, it is aliexpress.com that they highlight. I do not own or control Aliexpress.com.

### B. Response to section B. Standard for Personal Jurisdiction

 "***As the plaintiff has alleged facts establishing the cause of action, and establishing jurisdiction in its complaint, all of the Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor"*** - If the defendant has submitted evidence in opposition to the implementation of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." quoting  Purdue, 338 F.3d at 782– 83.

The Plaintiff has the burden of proof to demonstrate jurisdiction generally and must do so by a preponderance of the evidence. 162 See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Lonny Sheinkopf Hoffman, Burdens of Jurisdictional Proof, 59 ALA. L. REV. 409, 411 (2008) (arguing that shifting the burden to the party arguing against

jurisdiction "is the civil procedural equivalent of saying that criminal defendants are now guilty until proven innocent.").

The Court provided that when the defendant challenges those facts, the plaintiff "must support them by competent proof," and that regardless of whether the defendant contests those facts, "the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." 163 See McNutt, 298 U.S. at 189 (addressing subject matter jurisdiction).

The plaintiff has chosen to submit evidence in response, and the evidence submitted by the plaintiff supports the Defendant's claims to be factual (see "Plaintiff's Exhibit D" of the Aliexpress.com website). The Plaintiff has not submitted any evidence to negate the statements of the Defendant, in fact, they appear supportive.

There is no evidence presented by the Plaintiff that indicates Weddirect.co or the defendant deliberately or intentionally targeted or exploited the Illinois or US market, or that the Weddirect website has the capability to interact with users.

There is no evidence presented that indicates Weddirect.co or the Defendant handled, shipped products, or took orders from anyone, let alone somebody from the US or Illinois, or intentionally caused harm.

In fact, the Plaintiff has submitted evidence that indicates their interest in a third party.

### C. Response to section C. Jurisdictional Analysis

Whilst I don't have the ability to challenge the Plaintiff in regards to knowledge of the US legal system, I'll respond to unfactual points raised.

***"Defendant "stood ready and willing to do business with Illinois residents" by creating and operating a fully-interactive commercial website, offering and through which unauthorized, infringing products were advertised and could be purchased."*** - Do not agree. There is no evidence presented by the Plaintiff that indicates Weddirect.co or the defendant deliberately or intentionally targeted or exploited the Illinois or US market, or that the Weddirect website has the capability to interact with users or take payment or shipping details.

*Utilizing its own domain, as well as underlying sites from Alibaba, the Defendant affirmatively selected and targeted consumers in the United States, and "in fact knowingly did do business with Illinois residents" by offering to sell unauthorized products to consumers in Illinois and this Judicial District. Hemi Grp.622 F.3d at 758. Reaching out and expressly electing to do business with residents of the United States, including Illinois, establishes personal jurisdiction. Id.; uBid, Inc. v. GoDaddy Group, Inc. 623 F.3d 421, 428 (7th Cir. 2010).* - Do not agree. There is no evidence presented by the Plaintiff that indicates Weddirect.co or the defendant deliberately or intentionally targeted or exploited the Illinois or US market, or that the Weddirect website has the capability to interact with users.

*Following the Seventh Circuit decision in Hemi Group, courts in the Northern District of Illinois regularly exercise personal jurisdiction over foreign based Internet Stores based on a single offer for sale to Illinois residents. See, Monster Energy Company v. Chen Wensheng, et al., 136 F. Supp. 3d at 909 ("defendants' offers to sell counterfeit Monster Energy Products on their Internet stores constitute tortious activity committed in Illinois sufficient to establish personal jurisdiction"); Conair Corp., et al. v. Chen Xin, et al., No. 16-cv-9693 (N.D. Ill. Mar. 22, 2017) (Docket Entry no. 69); Christian Dior Couture, S.A. v. Lei Liu et al., 2015 U.S. Dist LEXIS 158225, at \*6 (N.D. Ill. Nov. 17, 2015).* - Do not agree. There is no evidence presented by the Plaintiff that indicates Weddirect.co or the defendant deliberately or intentionally targeted or exploited the Illinois or US market, or that the Weddirect website has the capability to interact with users. Weddirect.co is not an "Internet Store" in any similar sense to those quoted.

*Defendant is also subject to jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2) . Rule 4(k)(2) provides for personal jurisdiction through nationwide service of process over any defendant provided that: (1) the Plaintiff's claims are based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction is consistent with the laws of the United States; (4) the exercise of jurisdiction is consistent with the Constitution. Cent. States, Southeast and Sw. Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 940 (7th Cir 2000). Because the Defendant intentionally and knowingly offered for sale, sold, and shipped products to United States residents, personal jurisdiction is also proper under Rule 4(k)(2). See Plixer Int'l v. Scrutinizer GmbH, 905 F.3d 1, 5 (1st Cir. 2018).* - Do not agree. There is no evidence presented by the Plaintiff, nor is it true, that Weddirect.co or the Defendant, housed, sold, or shipped products to the US market or residents.

***Finally, the notion of fair play means that a foreign, off-shore websites which have elected to avail themselves of United State's markets, offering for sale and selling to consumers in the United States, including Illinois, cannot hide behind their absence in the U.S. to avoid being held accountable for infringing and illegal activities and the profits they obtain through those activities. Such Defendants must come to the United States and stand accountable for their conduct. Christian Dior Couture, 2015 U.S. Dist. LEXIS 158225, at \*13 (N. D. Ill. Nov. 17, 2015). Defendant "certainly should not be surprised by the jurisdictional consequences of [its] actions" given that it owned and operated a website targeting U.S. Id.*** - Do not agree. There is no evidence presented by the Plaintiff, nor is it true that Weddirect.co or the Defendant, housed, sold, or shipped products to the US market or its residents or that the site has the capability to do such, or that I or it intentionally targeted the US or Illinois.

### D. Maintenance and Protection of Evidence

The domain name, weddirect.co, was seized by an ex-parte order of this court and is in the care of the court/plaintiff (?). Yet, the domain name has not been maintained and has been allowed to expire, in turn losing any evidence/data held under Google search console/analytics (!). Moreover, it was my property. I ask the court to please investigate while also illuminating what other information/services may have been accessed, stored, or held, noting the wide scope of the original order.

### Summary

Considering the lack of any preponderance of evidence, the facts presented in response, and my obvious inability to match wits or resources with the knowledgeable legal professionals engaged by the Plaintiff, **I** ask for the court to uphold the original Motion to Dismiss for Lack of Personal Jurisdiction.

Dated this 21st Day of April, 2020.

Respectfully submitted,
By: /s/Rodney L'Huillier
Rodney L'Huillier (Weddirect.co) - Defendant
Archar Sva St, Wat Bo Village, Salakamreuk, Siem Reap, Cambodia
Phone: 095 489 700

CERTIFICATE OF SERVICE

I hereby certify that on the April 21, 2020, DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS was filed with the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: /s/Rodney L'Huillier
Rodney L'Huillier (Weddirect.co) - Defendant
Archar Sva St, Wat Bo Village, Salakamreuk, Siem Reap, Cambodia
Phone: 095 489 700